T.C. Summary Opinion 2009-161

UNITED STATES TAX COURT

ROBERT T. AND MARGARET M. FITZPATRICK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1075-08S.                    Filed October 19, 2009.

Robert T. Fitzpatrick, pro se.

<u>Daniel Ryan</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,852 in petitioners' Federal income tax for 2005. The sole issue for decision is whether Robert T. Fitzpatrick (petitioner) is subject to self-employment tax on the fee-based income that he received as a bail magistrate.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioners resided in the Commonwealth of Massachusetts (Commonwealth) when the petition was filed.

During 2005 petitioner was employed as a salaried assistant clerk magistrate for the West Roxbury District Court in Forest Hills, Massachusetts. Petitioner rightly did not pay employment taxes on this salary income because as an employee of the Commonwealth he participated in its retirement system. At the time of trial petitioner was eligible for maximum retirement benefits under the Commonwealth's retirement system.

As an assistant clerk magistrate, petitioner had the option of also serving as a bail magistrate. Bail magistrates are authorized under Mass. Ann. Laws ch. 276, sec. 57 (Lexis Nexis 2002), and petitioner was sworn in as a bail magistrate by a

superior court judge.  Petitioner worked as a bail magistrate for many years, and he was compensated for his work with fee-based income received from the public.  The fee-based income was paid to petitioner, by those being held in custody, for determining the terms of bail.  Petitioner received $40 in cash each time he performed this service.  Petitioner did not participate in the retirement system of the Commonwealth by virtue of this position.

Before 2005 petitioner reported his fee-based income on Schedule C, Profit or Loss From Business, of his Federal income tax return and paid self-employment taxes on the net income.  He stopped paying self-employment tax on this income in 2005 on the basis of a newsletter that he received from an association of clerks.  The newsletter stated that fee-based income received by bail magistrates for setting bail might not be subject to self-employment tax.

## Discussion

In order for individuals to be liable for payment of the self-employment tax they must have "'net earnings from self-employment', * * * [which is] the gross income derived by an individual from any trade or business carried on by such individual".  Sec. 1402(a).  For purposes of self-employment income, the term "trade or business" has "the same meaning as when used in section 162 (relating to trade or business expenses)".  Sec. 1402(c).

Those who derive income from the performance of the functions of a public office are generally not subject to self-employment tax because the income is not derived from a "trade or business".  See sec. 1402(c)(1); <u>Ekren v. Commissioner</u>, T.C. Memo. 1986-509; see also <u>Porter v. Commissioner</u>, 88 T.C. 548, 561 (1987), revd. 856 F.2d 1205 (8th Cir. 1988), affd. sub nom. <u>Adams v. Commissioner</u>, 841 F.2d 62 (3d Cir. 1988).  However, those who perform the functions of a public office, "with respect to fees received in any period in which the functions are performed in a position compensated solely on a fee basis and in which such functions are not covered under an agreement entered into by such State and the Commissioner of Social Security pursuant to section 218 of the Social Security Act", 42 U.S.C. sec. 418 (2006), are required to pay self-employment tax on the fee-based income received, sec. 1402(c)(1).

A public office for this purpose "includes any elective or appointive office of the United States or any possession thereof, of the District of Columbia, of a State or its political subdivisions, or a wholly-owned instrumentality of any one or more of the foregoing."  Sec. 1.1402(c)-2(b), Income Tax Regs. The examples provided in the regulations include a judge, a justice of the peace, a county or city attorney, and a notary public.  <u>Id.</u>  Petitioner was sworn into office as a bail magistrate by a superior court judge, and his position was

authorized under the laws of the Commonwealth. We find that petitioner does hold a public office.

It is clear that as a bail magistrate petitioner received fee-based income for performing the duties of a public office; however, in order for petitioner to be exempt from paying self-employment tax on this income, it is necessary that this position be covered by an agreement between the Commonwealth and the Social Security Administration "pursuant to section 218 of the Social Security Act" (SSA). Although petitioner holds two public offices, each position is treated separately. See sec. 1.1402(c)-3(f)(1)(i), Income Tax Regs.

The Commonwealth and the Social Security Administration established an agreement to extend Social Security coverage to employees of instrumentalities of the Commonwealth of Massachusetts, pursuant to SSA section 218, on August 13, 1952. This agreement extended the insurance system established by SSA title II to services performed by individuals as employees of specific instrumentalities of the Commonwealth. The original agreement has been amended 11 times.

The instrumentalities covered by the original SSA section 218 agreement and subsequent amendments include: (1) The Greenfield and Montague Transportation Area; (2) the Massachusetts Market Authority; (3) the Mystic River Bridge Authority; (4) the Nashoba Associated Boards of Health; (5) the

Massachusetts Turnpike Authority (coverage terminated by the second amendment); (6) the Boston Arena Authority; (7) the Massachusetts Health and Educational Facilities Authority; (8) the Massachusetts Board of Bar Overseers; (9) the Springfield Parking Authority; (10) the Pioneer Valley Transit Authority; (11) the North East Solid Waste Committee; (12) the Greater Lawrence Sanitary District; (13) the Montachusett Regional Planning Board; (14) the Southeastern Regional Planning and Economic Development District; and (15) the Pioneer Valley Planning Commission.

We find that petitioner did not work for an instrumentality of the Commonwealth that is covered under the original SSA section 218 agreement and subsequent amendments. Therefore, petitioner is required to pay self-employment tax on the fee-based income that he received as a bail magistrate. See sec. 1402(c)(1).

To reflect the foregoing,

Decision will be entered for respondent.